# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:   MOHAMMED HOSSAIN and AYESHA HOSSAIN,                    No. 11-08-14434 JA

　　　　　Debtors.

---

MOHAMMAD ALAM, and ALAM LLC,

　　　　　Plaintiffs,

v.                                                                                                    Adversary No.  10-1183 J

MOHAMMED HOSSAIN and
AYESHA HOSSAIN,

　　　　　Defendants.

## ORDER DENYING MOTION TO DISMISS

THIS MATTER is before the Court on the Motion to Dismiss filed by Defendants

Mohammed Hossain and Ayesha Hossain, by and through their attorney of record, Michael K.

Daniels.  (*See* Docket No. 17).   Defendants request the Court to dismiss the Plaintiffs' claim for

fraud from the First Amended Complaint on grounds that the fraud claim is time-barred by

operation of 11 U.S.C. §523(c)(1)[1] and Rule 4007(c), Fed.R.Bankr.P. [2]   Plaintiffs added a claim

---

[1] Section 523(c)(1) provides, in relevant part:
　　　[T]he debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection
　　　(a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a
　　　hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as
　　　the case may be, of subsection (a) of this section.
　　　11 U.S.C. § 523(c)(1).
[2] Rule 4007(c), Fed.R.Bankr.P. provides, in relevant part:
　　　[A] complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days
　　　after the first date set for the meeting of creditors under §341(a).
　　　Rule 4007(c), Fed.R.Bankr.P.

for fraud to this adversary proceeding on December 30, 2010, well over a year after the deadline

for filing a complaint objecting to the dischargeability of a particular debt.[3]

Plaintiffs argue that the doctrine of equitable tolling applies to extend the deadline, and

that, because Plaintiffs have alleged in the First Amended Complaint that Defendants have

engaged in conduct that prevented their misrepresentations from being discovered, the Court

should not dismiss Plaintiffs' claim for fraud.[4]   After consideration of the Motion to Dismiss

and Plaintiffs' response thereto, and being otherwise sufficiently informed, the Court finds that

the doctrine of equitable tolling can be used to extend the time limitations otherwise applicable

under Rule 4007(c), Fed.R.Bankr.P. regarding actions contesting dischargeability under 11

U.S.C. § 523(c).   However, while Plaintiffs have raised the defense, there is no evidence now

before the Court from which the Court can determine whether Plaintiffs have carried their

burden.   The Court will, therefore, deny the Motion to Dismiss and give Plaintiffs an

opportunity to offer at trial evidence to establish equitable tolling.

## DISCUSSION

Rule 4007(c), Fed.R.Civ.P.  requires that a complaint objecting to dischargeability of a

particular debt under 11 U.S.C. §523(a)(2) for money obtained by false pretenses, a false

representation or fraud must be filed within 60 days of the first date set for the meeting of

creditors.[5]    The sixty-day time limit contained in Rule 4007(c), Fed.R.Bankr.P. is not

---

[3] *See* Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors,  & Deadlines setting April 6, 2009 as the deadline to file a complaint to determine the dischargeability of certain debts.  Bankruptcy Case No. 11-08-14434 JA (Docket No. 2).

[4] *See* Plaintiffs' Response to Defendants' Motion to Dismiss (Docket No. 18).

[5] *See* Rule 4007(c), Fed.R.Bankr.P. (providing that "a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under  § 341(a)."); 11 U.S.C. §523(c) (providing that "the debtor shall be discharged from a debt of a kind specified in paragraph (2) . . . of subsection (a) of this section, unless on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2) . . .")

2

jurisdictional.[6]  Because untimeliness under Rule 4007(c), Fed.R.Bankr.P. does not impose a

jurisdictional limit on the Court's authority to hear a claim objecting to dischargeability, many

courts find that a plaintiff can assert the equitable defenses of waiver, estoppel, or equitable

tolling in the face of a defendant's request to dismiss a claim on grounds that plaintiff's claim of

non-dischargeability falls outside the applicable limitation period.[7]  However, these equitable

defenses

---

[6] *See Kontrick v. Ryan,* 540 U.S. 443, 454 and n.3, 124 S.Ct. 906, 914, 157 L.Ed.2d 867 (2004)(stating that "the filing deadlines prescribed in Bankruptcy Rules 4004 and 9006(b)(3) are claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate[ ]" and recognizing that Rule 4007(c) contains "essentially the same time prescriptions"); *In re Benedict,* 90 F.3d 50, 54 (2nd Cir. 1996)(holding that the time limit imposed by Rule 4007(c) is not jurisdictional); *Nardei v. Maughan (In re Maughan),* 340 F.3d 337, 344 (6th Cir. 2003)(finding that the bankruptcy court correctly determined that the time limits in Rule 4007(c) are not jurisdictional); *In re Santos,* 112 B.R. 1001, 1006 (9th Cir. BAP 1990)(determining that "the deadlines for filing dischargeability complaints and objections to discharge set forth in Rules 4007(c) and 4004(a) are not jurisdictional time limits."). *But see In re Rowland,* 275 B.R. 209, 215 (Bankr.E.D.Pa. 2002)(holding that the deadline contained in Rule 4007(c) is jurisdictional); *First Nat'l Bank in Okeene v. Barnes,* 956 F.2d 277 (10th Cir. 1992) (unpublished)(stating that "[w]e agree that the Rule 4007(c) filing requirements are jurisdictional.").  Because *First Nat'l Bank in Okeene v. Barnes* pre-dates the Supreme Court's decision in *Kontrick* and is unpublished, this Court is not bound to follow it.
[7] *See Benedict,* 90 F.3d at 54 (holding that the deadline in Rule 4007(c) is subject to waiver, estoppel, and equitable tolling); *Sunflower Bank v. Otte (In re Otte),* 2004 WL 2187175 (Bankr. D. Kan. Aug. 3, 2004)(finding that the doctrine of equitable tolling can be applied to the deadline in Rule 4007(c); *Wahrman v. Bajas (In re Bajas),* __ B.R. __ 2011 WL 834000, *4 (Bankr.E.D.Mich. March 20, 2011)("The deadline for filing a §523(c) non-dischargeability action is not jurisdictional.  Rather, it is subject to the defenses of waiver, estoppel, and equitable tolling.")(citations omitted); *Yesh Diamonds, Inc. v. Yashaya (In re Yashaya),* 403 B.R. 278,  285 (Bankr.E.D.N.Y. 2009), *aff'd,* 2010 WL 3851993 (E.D.N.Y. Sept. 27, 2010)(reasoning that because 4007(c) is not jurisdictional, it is subject to equitable tolling, waiver, and equitable estoppel); *Ross v. Camus (In re Camus),* 386 B.R. 396,  397 (Bankr.D.Conn. 2008)(reasoning that because the deadline in Rule 4007(c) is not jurisdictional and is, instead, comparable to a statute of limitations, it is also subject to equitable defenses, including equitable tolling);  *First Bank System, N.A. v. Begue (In re Begue),* 176 B.R. 801, 804 (Bankr.N.D.Ohio 1995)(reasoning that because Rule 4007(c) serves as a statute of limitations, "this statutory filing deadline is subject to the defenses of waiver, estoppel, and equitable tolling.")(citations omitted).  *But see, Owen v. Miller (In re Miller),* 333 B.R. 368, 372 (Bankr.N.D.Tex. 2005)(finding that equitable tolling cannot be "raised as a defense to a motion to dismiss a late-filed dischargeability action."). *Cf., Rowland,* 275 B.R. at 216 (holding that, even if Rule 4007(c) were not jurisdictional, the sixty-day deadline for filing complaint objecting to the dischargeability of a particular debt could not be extended on untimely motion based on theory of equitable tolling).
         The Court also notes that an excusable neglect standard is inapplicable to the determination of whether equitable tolling serves to excuse an otherwise untimely complaint to contest dischargeability of a particular debt. *See Central States, Southeast and Southwest Areas Pension Fund v. Lopresti (In re Lopresti),* 397 B.R. 62, 66 (Bankr.N.D.Ill. 2008)(explaining that Rule 9006(b)(1), Fed.R.Bankr.P., which provides for an enlargement of the time period when the motion is made after the expiration of the period upon a showing of excusable neglect, is inapplicable to the determination of whether to extend the deadlines contained in Rule 4007, Fed.R.Bankr.P. because "Bankruptcy Rule 9006(b)(3) explicitly excepts Bankruptcy Rule 4007(c) from the 'excusable neglect' standard in permitting time enlargement by providing that a court may enlarge the time for taking action under Bankruptcy Rule 4007(c) only to the extent stated in Bankruptcy Rule 4007(c).")(citing *Mirmingos v. Benjamin,*288 B.R. 521, 523 (N.D.Ill. 2003) and *Neeley v. Murchison,* 815 F.2d 345, 346 (5th Cir. 1987)).  Further, because equitable tolling tolls the statute of limitations period so that the limitation period does not expire, there would be no

must be applied in a manner consistent with the manifest goals of Congress to resolve the matter of dischargeability promptly and definitively in order to ensure that the debtor receives a fresh start unobstructed by lingering doubts about the finality of the bankruptcy decree.

*In re Kontrick,* 295 F.3d 724 (7th Cir. 2002), *aff'd,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). [8]

For this reason, the court should extend equitable relief only sparingly.[9]  Equitable tolling may be appropriate "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, [or] . . . 'if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights.'"[10]  The plaintiff bears the burden of demonstrating that equitable tolling applies.[11]  To establish equitable tolling, the plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[12]  Other factors relevant to the determination of whether equitable tolling applies to extend the deadline for an otherwise untimely cause of action include:

(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.
*Maughan,* 340 F.3d at 344 (quoting *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988)).

---

*untimely* request to extend that might be construed under an excusable neglect standard.  As noted by the bankruptcy court in *Rowland,* "the equitable tolling doctrine tolls the initial running of the statutory period until the plaintiff knows, or should reasonably be expected to know, the concealed facts supporting the cause of action." *Rowland,* 275 B.R. at 216 (citations omitted).

[8] *See also, Santos,* 112 B.R. at 1006 (cautioning that parties should not be allowed to rely on the full measure of equitable relief in order to "avoid the effect of a strict application of the bar date" because "[a]ny equitable doctrines must be applied in a manner consistent with the plain language of the rules and the purposes served by those rules . . . ").

[9] *See United States v. Clymore,* 245 F.3d 1195, 1199 (10th Cir. 2001)(stating that "[f]ederal courts have typically extended equitable relief only sparingly.")(quoting *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453 112 L.Ed.2d 435 (1990)).

[10] *Id.*  (quoting *Biester v. Midwest Health Servs., Inc.,* 77 F.3d 1264, 1267 (10th Cir. 1996)).

[11] *See Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)("Generally, the litigant seeking equitable tolling bears the burden of establishing two elements . . . "); *Yashaya,* 403 B.R. at 285 (stating that "'if the burden of establishing a cause for extension of a time limit is not met by the moving party, the [request] shall be denied.'")(quoting *In re Weinistein,* 234 B.R. 862, 966 (Bankr.E.D.N.Y. 1999)).

[12] *Pace*, 544 U.S. at 418.

4

Plaintiffs have alleged in their Amended Complaint that they were unable to discover

certain facts underlying their fraud claim due to actions taken by the Defendants. This

allegation is sufficient for purposes of withstanding a motion to dismiss.[13] However, in order to

establish an equitable tolling defense, Plaintiffs must also offer sufficient evidence that they

diligently pursued their rights.[14]

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED.


_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket:   April 1, 2011


COPY TO:

Robert J. Muehlenweg
Elizabeth A. Heaphy
Attorneys for Plaintiffs
316 Osuna Rd. NE, Unit 201
Albuquerque, NM 87107

Michael K. Daniels
Attorney for Defendants
PO Box 1640
Albuquerque, NM  87103

---

[13] A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6), Fed.R.Civ.P., made applicable to
adversary proceedings by Rule 7012, Fed.R.Bankr.P.  In considering a motion to dismiss under Rule 12(b)(6), the
Court accepts as true all well pleaded facts and evaluates those facts in the light most favorable to the plaintiff.
*Moore v. Guthrie,* 438 F.3d  1036, 1039 (10th Cir. 2006).
[14] *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984)
("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

5